# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| XIAN LE OU | * | CIVIL NO. 05-0979-M |
| VERSUS | * | JUDGE JAMES |
| TOM RIDGE, ET AL | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of Habeas Corpus filed by petititoner (Doc. No. 3). Respondents have requested dismissal (Doc. No. 10). The petitioner has also filed a reply to the respondents' request. (Document No. 11). For reasons stated below, it is recommended that the petition for Writ of Habeas Corpus be **DISMISSED**.

## Factual and Procedural Background

The exhibits and evidence submitted in this matter reveal the following underlying facts and procedural background:

Petitioner, a citizen of The People's Republic of China, illegally entered the United States via boat on May 18, 1994, and filed an Application for Asylum and Withholding of Deportation on July 18, 1994.

Petitioner's asylum application was referred to an immigration judge for consideration, and he was released on bond on August 29, 1994. Prior to his release, petitioner and his attorney were advised in writing of the bond's conditions and requirements. On December 13, 1994, petitioner was served in person with a Notice of Hearing in Immigration Proceeding and informed that a hearing would take place before an immigration judge on November 2, 1995. On

1

November 1, 2005, in an affidavit sent to the immigration court, Petitioner stated that he did not wish to continue with the exclusion proceedings scheduled for November 2 and that he understood the consequences of his decision. Following petitioner's failure to appear at the November 2 hearing, the immigration judge issued an exclusion order. Between August 9, 1999, and April 23, 2003, the Immigration and Naturalization Service ("INS") sent three requests to petitioner's attorney ordering him to surrender petitioner. Petitioner's attorney complied with none of the requests. Finally, on May 14, 2003, INS notified petitioner's attorney that petitioner had breached his immigration bond.

On November 29, 1999, petitioner married a U.S. citizen, and he has since had three children. Petitioner's wife, in an attempt to have petitioner become a lawful permanent resident, filed a Petition for Alien Relative on March 23, 2001. The petition was denied on August 15, 2002, because petitioner was statutorily ineligible.

On October 14, 2004, petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") officers when he allegedly went to a local police station to obtain fingerprints for an adjustment of status application that his wife had filed. On December 3, 2004, INS issued a travel document request for the petitioner from the Consulate General of The People's Republic of China.

After filing a motion to reopen his exclusion case, an immigration judge granted petitioner's request on January 13, 2005. Immediately thereafter, petitioner filed a request for release. ICE denied petitioner's request, stating that petitioner was a flight risk based on his prior failure to appear at an exclusion hearing and that he was ineligible for release under regulations published in the Federal Register. *See* 67 Fed. Reg. 68924. Petitioner's counsel claims to have filed three additional requests for release with ICE, but received no response. Currently,

petitioner's case is pending before the immigration court in Atlanta, Georgia, and he remains in ICE custody at the Tensas Parish Detention Center in Waterproof, Louisiana.

Petitioner challenges his detention pending the conclusion of his reopened exclusion case. Petitioner argues that his continued detention without bond or parole prevents him from obtaining fingerprints for his adjustment of status application and violates his due process rights. Respondent claims that, pursuant to 8 U.S.C. § 1226(e), the Court lacks jurisdiction to hear Petitioner's claims and that, in the alternative, detention during removal proceedings is constitutionally permissible. Respondent also claims that Petitioner is statutorily ineligible for release under 8 C.F.R. § 236.1 and other immigration regulations.

## Law and Analysis

**Jurisdiction**

Respondent argues that the Court has no jurisdiction to consider the Attorney General's discretionary determination that Petitioner is not eligible for release under 8 U.S.C. § 1226(a), which provides that the Attorney General may detain aliens or release them on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2). Section 1226(e) provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

To the extent that Petitioner challenges ICE's discretionary determination that he is not eligible for release under § 1226(a), the above language clearly bars this Court from reviewing that determination.

Petitioner, however, in alleging that his detention deprives him of due process, asserts a broader constitutional challenge to his detention. This aspect of his petition is not affected by the

language of § 1226(e). As the Supreme Court recognized in *Denmore v. Kim*, "[s]ection 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar respondent's constitutional challenge to the legislation authorizing his detention without bail." 538 U.S. 510, 517 (2003); *see also St. Cyr v. INS*, 533 U.S. 289, 307 (2001) (stating that there is a strong tradition in habeas law that subjects the claim of failure to exercise discretion, unlike a claim of an unwise exercise of discretion, to inquiry on the writ). Petitioner argues that his detention without bond or parole violates his due process rights, and therefore the Court has jurisdiction to hear his claim.

**Due Process Rights**

Petitioner argues that his detention deprives him of due process and that the regulations ICE cites as a basis for his ineligibility for release are inapplicable. Petitioner's arguments, however, are unavailing. Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General--
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on--
>     (A) bond of at least $ 1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>     (B) conditional parole;

8 U.S.C. § 1226(a). As the statute demonstrates, the Attorney General is under no obligation to release an alien on bond or parole so long as the alien is being detained pending the completion of removal proceedings. Furthermore, any challenge to the Attorney General's decision to deny bond or parole, as in this case, constitutes a challenge to a discretionary decision of the Attorney General and therefore is unreviewable under § 1226(e).

4

"Detention during removal proceedings is a constitutionally permissible part of that process." *Denmore*, 538 U.S. at 531. In *Denmore v. Kim*, the Supreme Court made the preceding statement when it upheld the detention of two criminal aliens pending the completion of their removal proceedings, despite the absence of an individualized determination that they would not appear that their deportation hearings. *Id.* at 530-531. In reviewing statistics showing that criminal aliens were more likely to abscond if released and dismissing the aliens' due process claims, the Court based its decision on the "longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceeding." *Id.* at 526. The court also noted that, given the pending removal proceedings, there was no evidence that removal was "no longer practically attainable" or that the detention would be "indefinite" or "potentially permanent." *Id.* at 527-9; *see also Zadvydas v. Davis*, 533 U.S. 678 (2001).

Although petitioner states that he is entitled to release because he is not a flight risk or a danger to the community, that is a determination left to the discretion of the Attorney General and ICE. Furthermore, and as the holding in *Denmore* demonstrates, the lack of an individualized determination of these facts does not automatically constitute a denial of due process. As with the aliens in *Denmore* who were detained based on a statistical likelihood that they would fail to appear at their deportation hearings, ICE may continue to detain the petitioner based on his failure to appear, for whatever reason, at his exclusion hearing in 1995. The reopening of petitioner's exclusion proceedings guarantees a forthcoming removal decision and ensures that petitioner's detention will not be "indefinite" or "potentially permanent." Given petitioner's failure to appear at an earlier exclusion hearing and the "longstanding view that the

5

Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceeding," it is recommended the petition for habeas corpus be **DISMISSED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE